## FRANK FIELD v. DAVID KINNEAR et al.

### Error from Leavenworth County.

In an executory contract for a sale of goods by sample, it is the privilege of the vendee to return the goods if they do not correspond with the implied warranty, and thereby rescind the contract, or he may retain them, and recover damages.

*Semble*, formerly when the goods were returned, the action was on the common counts; when not returned, on the implied warranty.

In such a contract for goods not yet manufactured, there is an implied warranty that the goods shall fill the terms of the contract.

In an action for damages, on account of a breach thereof, the measure of damages is the difference in the market value of the article contracted and the article delivered, at the place fixed by the parties as that of delivery.

The charges which the court gave to the jury are as follows:

The contract was executory, and that the plaintiffs had the right, if the flour did not come up to the quality of the flour contracted for, to examine the same in the usual and ordinary course of their business, and within a reasonable time thereafter, notify the defendant that they would not receive the same under the contract, and return, or offer to return the same.

The measure of damages in this case, is the difference between the market value of the flour contracted for at Leavenworth, at the time this flour was received by the plaintiffs, and the market value of the flour received at Leavenworth at the time the said flour was received at Leavenworth, if you find that the flour was purchased with the mutual understanding that it was so purchased for the Leavenworth market.

Other facts appear in the subjoined opinion.

*T. A. Hurd*, for plaintiff in error.

*E. Stillings*, for defendants in error.

*Hurd* maintained :

1. The contract was executory, and for an article to be manufactured.   Defendants in error had a right to a reasonable time in which to inspect and accept, or refuse to accept and return the flour, thus rescinding the contract ; and until the defendants in error gave notice of the defect, and offered to return, they could not recover.  *Story on.Contr.*, § 18 ; *Freeman* v. *Clark*, 1 *Barb.*, 424 ; *Chitty on Contr.*, 459, *note*, 458 ; *Story on Sales*, § 422, *and note*, 426, 232, 233 *and* 239 ; 23 *Wend.*, 349 ; *Sedgk on Dam.*, 294, 280.

2. Defendants in error gave no notice of any defect in the flour, nor did they offer to return it, but converted it in their regular business.   The law presumes they received it under the contract, and in full satisfaction of the stipulations therein of plaintiff in error.   *Chitty on Contr.*, 462 ; *Boorman* v. *Johnson*, 12 *Wend.*, 566 ; *Thornton* v. *Wynn*, 12 *Wheat.*, 183 (193); 5 *Johns.*, 395 ; 2 *Kent Com.*, 480 ; *Story on Sales*, §§ 408, 422 ; 3 *Phil. Ev.*, 380, *note* 969.

3. The contract of the plaintiff in error was completed on delivering the flour at Peoria.   If the contract was broken, the place of the breach was there. If a contract for sale with warranty, the measure of damages would be the difference in value of the flour contracted for, and that delivered, such value being confined to the time and place of delivery, to wit:

Peoria.   In the absence of all proof of such value *there*, the jury could find only nominal damages, and it was error for the court to instruct otherwise.   (*Billings* v. *Vanderbecker*, 8 *Wend.*, 435 ; *Diefendorf* v. *Gage*, 7 *Barb.*, 18 ; *Voorhies* v. *Earl*, 2 *Hill*, 288 ; *Cary* v. *Gruman*, 4 *id.*, 625 ; *Miller* v. *Eno*, 4 *Kern.*, 607 ; 22 *U. S. Dig.*, *p.* 172, §§ 53, 56 ; 18 *id.*, 194, §§ 55, 56, 57, 62, 63 ; *Story on Sales*, § 412 ; 22 *Barb.*, 154 ; *Sedgwick on Dam.*, 274, *note*, 283, 291, 294, 303, *note* 2 ; *Lattin* v. *Davis, Hill & Denio's Sup't*, 9.)   Nor does the payment of the purchase price affect the rule.   *Sedg.*, 256.

*Stillings*, in defense, made the following points :

1. The contract was executory when made, and, therefore, no recovery could be had thereon without an offer to return the property.   11 *Ohio S.*, 50 ; *Story on Contr.*, §§ 835–7, 847 *to* 851 ; *Story on Sales*, 405, 406, 410.

2. Leavenworth was selected as the point at which the value should be proved by the plaintiff in error himself, and all evidence introduced as to the value there, was without objection on either side.   But suppose this was not the case ; the parties were contracting for flour for that market.   2 *Greenl.*, §§ 262–265 ; *Sedgwick Dam.*, 294–5 ; *McGregor* v. *Kilgore*, 6 *McLean*, 358 ; 2 *Pars. Contr.*, 487 ; 1 *id.*, 469, *note "v;"* 2 *Gr. & Wat., New Tr.*, 680, 697, 658, 633.

3. Where substantial justice has been done, a new trial will not be granted for mere technicalities.   *Buck* v. *Waddell*, 1 *Ohio*, 357 ; *Bush* v. *Critchfield*, 5 *id.*, 109 ; 2 *Kans.*, 490 ; *Allen* v. *Parish*, 3 *Ohio*, 107.

*By the Court*, KINGMAN, C. J.

In August, 1865, the plaintiff in error made a verbal contract with defendants in error to manufacture and deliver to them 2,000 sacks of flour of a certain superior quality. The flour was to be delivered at the cars at Peoria, Illinois. The flour was manufactured and delivered in lots between the 1st and 20th of September, and arrived in Leavenworth from the 20th to the 30th of September. In October the defendants in error discovered that a portion of the flour was damaged, but gave no notice of the defect to Field till the 20th of December. Field was sued for the damages resulting from the inferior quality of the flour, and a verdict and judgment rendered against him for $1,762.50.

It is claimed that there was error in the trial below in giving and refusing instructions, which alleged errors may be reduced to two, and stated as follows:

1. That the contract was executory when made, and, therefore, no recovery could be had thereon without an offer to return the property.

2. That there was error in directing the jury to assess the damages based on the difference in the market price of the flour sold, and the flour delivered at Leavenworth, instead of the place of delivery.

On the first point, we think it is the settled law that in an executory contract in a sale by sample it is the privilege of the vendee to return the goods if they do not correspond with the implied warranty, and thereby rescind the contract; but we do not understand that he is under any obligations to do so. He may retain the goods and recover damages. None of the cases referred to by counsel hold any other doctrine. In the case of Muller *v.* Eno (14 *New York*, 602), the

court use this language: "But whether the right to rescind and return the goods may or may not exist in the special case of a sale by sample, it is well settled that the purchaser is not bound to exercise it. He may, in all cases, unless he has specially agreed otherwise, affirm the sale and bring his action for damages on the warranty." So in an action against him for the price of the goods, he has the same right by way of recoupment, and in Boorman *v.* Jenkins (12 *Wendell*, 677), the court hold the same doctrine, saying : "It is certainly a sufficient answer that the plaintiffs do not seek to recover the consideration or purchase money, but damages for the breach of the implied warranty. A purchaser is never bound to return an article unless the stipulations of the contract require it, or unless he wishes to disaffirm the contract and recover back the money he has paid." This last cited case was on a sale by sample, and an implied warranty that the goods sold corresponded with the sample. In an executory contract for goods not yet manufactured, there is an implied warranty that the goods shall fill the terms of the contract ; and, in case they do not, the purchaser has his option—to return the goods and rescind the contract, or keep them and sue for damages. Formerly, the action in the first case was on the common counts ; in the second case, on the implied warranty.

Were the defendants in error suing to get back the purchase money, the counsel's point would be well taken ; but in an action for damages on account of damaged goods, it is not. The ruling of the court below on this point, was more favorable to the plaintiff in error than the law will justify.

On the second point we think the court erred. Mr. SEDGWICK says : "Where a given place is fixed on by

the parties as that for delivery, it seems to be well settled that the inquiry as to prices is limited peremptorily to that particular place." (*Sedg. on Dam.*, 292.) This rule is established by a long course of decisions in New York and in Arkansas (2 *Ark.*, 397), in Illinois (18 *Ill.*, 155), in Massachusetts (*Shaw* v. *Nudd*, 8 *Pick.*, 9), and in various other states. See STORY on sales, § 412, where the rule is asserted in unqualified terms, and many authorities referred to. In this case the flour was to be delivered at the cars in Peoria. Both parties knew that the flour was intended for the Leavenworth market, but this was the intention of the defendants in error alone. They had complete control over the flour—could have shipped it as they chose, to New York or Denver. The vendor had no power over their action; could not regulate their intention, nor prevent them from changing it. His power was ended when the flour was delivered at the cars at Peoria. It was then and there that the contract was broken, and the damages received, if at all, and it was by the price there that the damage must be ascertained. We are aware that an apparently different ruling has been made in some cases, but it has been under a different state of pleading from that presented in this case, or has grown out of a misapprehension of the true guide for the ascertainment of the damages.

It is urged in this case that the plaintiff in error first fixed upon Leavenworth as the place where the price must be ascertained; but this is a mistake. He objected to testimony of the value of flour in Leavenworth, unless the witness would first state that he knew the value of flour in Leavenworth. This was by no means an admission that that was the place where
31

the measure of damages was to be applied. We think
the court erred in this instruction, and for this reason
the case is reversed and a new trial awarded.

All the justices concurring.